Entered on Docket
April 04, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 04, 2006



_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

DO NOT PUBLISH

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 04-45127
                                        Adv. No. 05-4223
ZAHID CHAUDHRY,

                     Debtor.       /

LOIS I. BRADY,

                     Plaintiff,
vs.

AREENA R. CHAUDHRY,

                     Defendant.    /

<u>DECISION</u>

    This is an adversary proceeding in which the plaintiff, Lois I. Brady ("Brady"), trustee in bankruptcy of the estate of Zahid Chaudhry (the "debtor"), seeks relief against defendant Areena R. Chaudhry ("Chaudhry") in connection with an alleged debt Chaudhry owed to the debtor at the date of the debtor's chapter 7 petition. The alleged debt is for the unpaid portion of the purchase price of real property that the debtor sold to Chaudhry as part of a sale and leaseback transaction.

/////

Decision

The parties have filed cross-motions for summary judgment. The court will grant Chaudhry's motion and deny Brady's motion.

A. <u>Background</u>

The material facts are undisputed. On September 30, 2003, the debtor and his spouse, Bushra S. Chaudhry, entered into a written Sales Agreement (the "Sales Agreement") with Chaudhry pursuant to which Chaudhry agreed to purchase certain real property in Hayward, California (the "Property") from the debtor and his spouse[1] for a purchase price of $370,000. Chaudhry agreed to pay the major portion of the purchase price through the assumption of a $268,000 loan that was secured by the Property. As to the balance, the Sales Agreement provided as follows:

> The sellers will rent that aforementioned property for an amount of $1,500 per month. The rent will be deducted from their equity until the equity is depleted. The sellers and the buyer can, at that time, negotiate another lease agreement at the current market rate.
>
> If the sellers decide not to reside in the aforementioned property the sellers' remaining equity will be paid no later than December 31, 2010.

Thus, Chaudhry was to pay the remainder of the purchase price through a monthly $1,500 credit in reduction of the outstanding balance she owed, which monthly credits were to continue as long as the debtor desired to remain in the Property. If, however, the

---

[1] Bushra S. Chaudhry's participation with the debtor as a co-seller and co-lessee under the Sales Agreement is not relevant to the motions now before the court. Therefore, for purposes of clarity, the court will hereafter disregard Bushra S. Chaudhry's participation as a party to the Sales Agreement.

Decision 2

debtor decided to vacate the Property, the balance of the purchase price would be due by December 31, 2010.

The debtor filed his chapter 7 petition on September 20, 2004. At that date, the remaining balance of the purchase price was $35,637. This amount represents the original purchase price, less credits for the loan payments Chaudhry made, less 12 monthly rent credits totaling $18,000.

After the petition, the debtor continued to reside in the Property. Brady made demand on Chaudhry for payment of $35,637 and Chaudhry denied liability. Brady then filed this adversary proceeding.

B. Discussion

    1. Summary Judgment

"Summary judgment is properly granted when there is no genuine issue of material fact and moving party is entitled to judgment as a matter of law." Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1250 (9th Cir. 1982), cert. denied, 459 U.S. 1227 (1983). Under Fed. R. Bankr. P. 7056, which incorporates Fed. R. Civ. P. 56, the court may grant summary judgment or partial summary judgment if there is no genuine issue of material fact, and the movant is entitled to the requested judgment as a matter of law.

/////
/////
/////
/////

Decision       3

2. <u>Contentions of the Parties</u>

Brady raises two basic arguments in support of her position. First, Brady argues that pursuant to Bankruptcy Code § 541(a),[2] the debt that Chaudhry owed to the debtor became property of the bankruptcy estate at the time of the bankruptcy filing. It follows, argues Brady, that as of the petition date, Chaudhry was obliged pursuant to § 542(a)[3] to "deliver" the purchase price to her.

Alternatively, Brady argues that Chaudhry is obligated pursuant to § 542(b)[4] to pay a debt of $35,637 to her (conceding, however, that such payment is not due until December 31, 2010). In this regard, Brady contends that Chaudhry is not entitled to offset any

---

[2] All further section references herein are to the Bankruptcy Code, as in effect prior to October 17, 2005.

[3] Section 542(a) provides:
Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

[4] Section 542(b) provides:
Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

Decision 4

postpetition rent against the debt pursuant to § 553. This is so, argues Brady, because the requisite "mutuality" is lacking due to the fact that Chaudhry's debt to the debtor arose prepetition whereas the debtor's debt for rent that accrued after the bankruptcy filing was a postpetition debt.

Chaudhry concedes that, under § 541(a), her debt to the debtor became property of the debtor's bankruptcy estate. Chaudhry argues, however, that even if the doctrine of mutuality bars offset of the postpetition rent against the purchase price, the doctrine of "recoupment" permits deduction of the monthly rent from the balance of the purchase price for so long as the debtor remains in possession of the Property, and to the extent any funds remain owing after the debtor vacates, such funds will not be due until December 31, 2010. In response, Brady argues that recoupment does not apply, and in any event, that Chaudhry waived her right to argue recoupment.

The court holds that: (a) Chaudhry is not obligated to "deliver" the balance of the purchase price to Brady pursuant to § 542(a), (b) Chaudhry's obligation to pay Brady under § 542(b) is subject to recoupment, (c) under the undisputed facts of this case, Chaudhry's debt to the debtor, and thus her debt to Brady, has been eliminated to the extent of any postpetition rent during any period the debtor occupied the Property, and that (c) any remaining unpaid balance will not be payable by Chaudhry until December 31, 2010.
/////

### 3. Turnover and § 542(a)

It is clear that § 542(a) is inapplicable in a situation, as here, where a trustee seeks a money judgment for an alleged debt. Otherwise, § 542(b), which deals specifically with the trustee's collection of debts owed to the debtor, would be superfluous. Moreover, as noted by Chaudhry, the case law is consistent that § 542(a) does not apply absent a res consisting of identifiable property or proceeds. See, e.g., In re Sun Spas by Schaeffer, Inc., 122 B.R. 452, 455 (Bankr. M.D. Fla. 1990); In re Gailey, Inc., 119 B.R. 504, 514 (Bankr. W.D. Pa. 1990). See also Maggio v. Zeitz, 333 U.S. 56, 64 (1948) (pre-code).

Here, there is no res of identifiable property or proceeds. The court therefore holds that Chaudhry is entitled to summary judgment as to Brady's claims based on § 542(a).

### 4. Recoupment and § 542(b)

In their briefs, the parties initially directed their arguments to the portion of § 542(b) that allows offset under § 553. Chaudhry has now re-focused her argument on the doctrine of recoupment. Because the court believes recoupment is available here, it will forgo discussion of the setoff arguments the parties initially advanced.

The requirements for recoupment and setoff are not the same. In general, setoff is available when entities owe each other money on their respective debts to each other. See Citizens Bank of Maryland v. Strumpf, 116 S.Ct. 286, 289 (1995). "The defining characteristic of setoff is that 'the mutual debt and claim . . .

Decision                                   6

are generally those arising from <u>different</u> transactions.'" <u>Newbery Corp. v. Fireman's Fund Ins. Co.</u>, 95 F.3d 1392, 1398 (9th Cir. 1996) (internal citation omitted; emphasis in the original); <u>In re TLC Hospitals, Inc.</u>, 224 F.3d 1008, 1011 (9th Cir. 2000).

In contrast, "recoupment 'is the setting up of a demand arising from the <u>same</u> <u>transaction</u> as the plaintiff's claim or cause of action, strictly for purposes of abatement or reduction of such claim.'" <u>Newbery</u>, 95 F.3d at 1399 (internal citation omitted; emphasis in the original). As the court in <u>Newbery</u> explained, recoupment is not subject to the automatic stay under § 362(a), nor is it subject to any limitations imposed by § 553. <u>Id</u>. Moreover, recoupment "'relaxes the requirement of mutuality for setoff of debts as it relates to the pre or postpetition character of those debts.'" <u>Id</u>. (Internal citation omitted.)

A bankruptcy trustee takes property subject to rights of recoupment. <u>In re Madigan</u>, 270 B.R. 749, 754 (9th Cir. BAP 2001); <u>In re Flagstaff Realty Assocs.</u>, 60 F.3d 1031, 1035 (3d Cir. 1995).

To determine whether recoupment is available, courts have asked whether the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a); <u>Madigan</u>, 270 B.R. at 755. As the court in <u>Madigan</u> noted, "'courts have permitted a variety of obligations to be recouped against each other, requiring only that the obligations be sufficiently interconnected so that it would be unjust to insist that one party fulfill its obligation without requiring the same of the other party.'" <u>Id</u>. (Internal citation omitted.)

Decision 7

Here, recoupment is available to Chaudhry. As reflected by the Sales Agreement, the sale to Chaudhry and the leaseback to the debtor were integrated obligations under a single agreement. Chaudhry was not obligated under the Sales Agreement to make any payments to the debtor so long as the debtor occupied the Property. The debtor was not obligated to make any rent payments to Chaudhry so long as a balance was owing on the purchase price. (Per the Sales Agreement, "[T]he rent will be deducted from . . . equity until the equity is depleted.")

Brady argues that denial of Chaudhry's right of recoupment would not be inequitable to Chaudhry because she should have evicted the debtor upon the bankruptcy filing and relet the Property. If Chaudhry had done so, argues Brady, Chaudhry would not be in the position of owing the balance of the purchase price as of the petition date to Brady, and yet not being able to recover any rent from the debtor. (As of the petition date, the Sales Agreement did not require the debtor to pay any rent except as credits against the purchase price.) But, as Chaudhry notes, the debtor was not in default under the Sales Agreement at the date of the petition, and the theory on which Chaudhry would have effected such an eviction is problematic.

Brady argues that recoupment is not available because the sale and leaseback were two separate transactions. For the reasons stated above, the court disagrees. Under the Sales Agreement, one integrated transaction was involved, the netting provisions of which - rent against purchase price - were central to the deal from the

Decision 8

standpoint of both parties.

Brady also argues that Chaudhry waived the right to argue recoupment because her answer to the complaint, as initially filed, did not mention recoupment.

This argument fails. On June 24, 2005, Chaudhry, acting without benefit of counsel, wrote a letter to the court stating that she intended the letter to be her response to the complaint. The letter described the parties' obligations under the Sales Agreement and emphasized that the rent payments were to be deducted from the purchase price. Although Chaudhry did not use the word "recoupment," her allegations in response to the complaint were specific and clear, and certainly sufficient to put Brady on notice of her factual contentions and to put recoupment at issue. See Fed. R. Civ. P. 8(c), 8(e)(1), and 8(f), applicable via Fed. R. Bankr. P. 7008.[5]

In addition, on August 12, 2005, after employing counsel, Chaudhry filed an amended answer setting forth various affirmative defenses. The second affirmative defense stated: "Plaintiff's claims are barred by the doctrines of setoff and recoupment."

---

[5] Fed. R. Civ. P. 8(c) provides, in part: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." Fed. R. Civ. P. 8(e)(1) provides: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions is required." Fed. R. Civ. P. 8(f) provides: "All pleadings shall be so construed as to do substantial justice."

Decision 9

On November 22, 2005, this court entered its Order Setting Aside Default and Default Judgment. Paragraph 2 of that order provided that the above referenced letter would be deemed as an answer to the complaint. Paragraph 3 of the order provided: "The Answer to Complaint filed by Plaintiff on August 12, 2005 is hereby deemed an amended answer."

The court holds that Chaudhry did not waive her right to assert recoupment against Brady.

C. Conclusion

The court will grant Chaudhry's motion for summary judgment and deny Brady's motion for summary judgment. The court requests Chaudhry to submit a proposed order so providing within 15 days. It appears to the court that no further issues remain. If so, Chaudhry may also submit a proposed judgment on the merits (the parties to bear their own costs).

**END OF ORDER**

```
                    COURT SERVICE LIST

Mariam S. Marshall, Esq.
Marshall & Ramos
350 Frank H. Ogawa Plaza #600
Oakland, CA 94612

Lawrence L. Szabo, Esq.
Law Offices
3608 Grand Avenue #1
Oakland, CA 94610-2024
```

Decision                                    11